## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHRISTIAN McLEDON,

Petitioner,

vs.

WILLIAM SCHWARTZ,

Respondent.                                    Case No. 15-cv-00210-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Christian McLedon, who is a pretrial detainee in the Jackson County Jail ("Jail"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241.  McLedon seeks an order compelling Illinois First Circuit Judge William Schwartz to dismiss all charges against him in three pending criminal matters (Doc. 1).  *See People v. McLedon*, Case No. 2015-cf-38 (1st Cir.); *People v. McLedon*, Case No. 2014-ov-816 (1st Cir.); *People v. McLedon*, Case No. 2014-cf-407 (1st Cir.).  McLedon also seeks immediate release from Jail.

This matter is now before the Court for preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts.  Rule 4 provides that upon preliminary consideration by the

district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.  As discussed in more detail below, McLedon is not entitled to relief under Section 2241.  Accordingly, the petition shall be **DISMISSED**.

### I.        Habeas Petition

In the petition, McLedon explains that he has made several attempts to file a motion to dismiss three cases that are currently pending before Illinois First Circuit Judge Schwartz (Doc. 1, pp. 3, 8-9).  The Clerk initially refused to file his motion because it was unsigned.  The Clerk also explained that a separate motion was required in each of McLedon's three cases.   McLedon alleges that he ultimately had to fire his public defender in order to file the motion to dismiss and a related motion to suppress evidence (Doc. 1, pp. 3-5).  After doing so, Judge Schwartz reluctantly filed the motion(s), but refused to provide McLedon with a copy.  When Judge Schwartz subsequently asked McLedon if he wished to proceed with the assistance of a public defender, McLedon declined to do so, instead opting to proceed *pro se*.  McLedon now seeks dismissal of all criminal charges against him and immediate release from Jail (Doc. 1, p. 6).

### II.       Discussion

In this case, McLedon challenges his state criminal proceedings. His only basis for relief is the Court's delay in filing two pleadings that he prepared. By all indications, McLedon's three state proceedings are currently pending.

The *Younger* doctrine forbids federal courts, under most circumstances, from enjoining an ongoing state criminal proceeding. *Younger v. Harrison*, 401 U.S. 37 (1971). *See also Gakuba v. O'Brien*, 711 F.3d 751 (7th Cir. 2013); *Am. Civil Liberties Union of Ill. v. Alvarez*, 679 F.3d 583, 594 (7th Cir. 2012). Federal courts must abstain from interfering with state court criminal proceedings involving important state interests, as long as the state court provides an opportunity to raise the federal claims and no "exceptional circumstances" exist. *Stroman Realty, Inc. v. Martinez*, 505 F.3d 658, 662 (7th Cir. 2007). Exceptional circumstances have been found in instances where irreparable damage would occur, such as prosecutorial harassment and bad faith or speedy trial and double jeopardy claims, but only where the petitioner has first exhausted his available state court remedies. *Younger*, 401 U.S. at 43, 49; *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489-92 (1973) (collecting cases). The petition describes no exceptional circumstances. Therefore, this Court must abstain from intruding into the State's criminal process under such circumstances.

The *Younger* doctrine deprives this Court of jurisdiction. The Court will not reach the merits of the petition. Accordingly, the Section 2241 petition shall be dismissed. However, dismissal of this pretrial petition shall be without

prejudice to any other habeas petition that McLedon may file.  *See Jacobs v. McCaughtry*, 251 F.3d 596, 597-98 (7th Cir. 2001) (pretrial habeas petition falls within the ambit of Section 2241 and, consequently, should not be counted under 28 U.S.C. § 2244 when considering subsequent and possibly successive petition(s)).

### III.    Disposition

**IT IS HEREBY ORDERED** that, for the reasons set forth above, the instant habeas petition is **DISMISSED without prejudice** to any other habeas corpus petition that McLedon may file.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal.   *See* FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).  A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day[1] appeal

---

[1] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.  FED. R. CIV. P. 59(e).

deadline.  To appeal the dismissal of a Section 2241 petition, it is not necessary

for petitioner to obtain a certificate of appealability.  *Walker v. O'Brien*, 216 F.3d

626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.


**IT IS SO ORDERED.**

**DATED: March 25, 2015**

Digitally signed by
David R. Herndon
Date: 2015.03.25
14:35:55 -05'00'

_____
**District Judge**